UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRY L. THOMPSON,<br><br>              Plaintiff,<br><br>  vs.<br><br>JOSH KLIMEK; DIANE ROMKEMA, Case Manager; and LARSEN, D-H-O Hearing Officer,<br><br>              Defendants. | 4:16-CV-04071-KES<br><br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND GRANTING IN PART AND DENYING IN PART VARIOUS OTHER MOTIONS |

**INTRODUCTION**

Plaintiff, Terry L. Thompson, is an inmate at the South Dakota State Penitentiary in Sioux Falls. Plaintiff filed a pro se civil rights lawsuit under 42 U.S.C. § 1983, and amended his complaint. Defendants now move the court to enter a protective order staying discovery. Thompson also filed various motions. For the following reasons, defendants' motion for protective order is granted, and Thompson's various motions are granted in part and denied in part.

**DISCUSSION**

I.    **Motions to Appoint Counsel**

Thompson filed three motions to appoint counsel. Docket 9; Docket 17; Docket 35. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546

(8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the district court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* At this point, Thompson is able to present his claim, and his claims are not complex. It is too early in the litigation to determine the other factors. Therefore, Thompson's motions to appoint counsel are denied.

## II.     Motion to Amend Jury Demand

Thompson moves to amend the request for damages from $20,000 to $500,000 against each defendant. Docket 11. Defendants have not objected to this motion and the court finds that it is in the interest of justice. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"). Thompson's motion to amend the jury demand is granted.

## III.    Motion to Strike Quash Irrelevant Material from Record

Thompson moves to strike from the record evidence that he alleges is not relevant to his claim and is hearsay. Docket 16. He does not identify the evidence. Defendants have only answered Thompson's complaint and responded to his factual allegations. They have not introduced any evidence. Therefore, Thompson's motion is denied.

## IV.     Motion for Discovery

Thompson moves the court to order defendants to provide him with discovery. Docket 18. Thompson seeks his prison disciplinary, administrative, and medical records. *Id.* Defendants have not responded to this request.

Because it appears that this information will be necessary for Thompson to respond to defendants' motion for summary judgment based on qualified immunity, the court grants Thompson's motion.

Thompson requests "all grievances on all defendants" and their "disciplinary records." *Id.* ¶ 3. To the extent Thompson seeks grievances he filed against defendants and defendants' disciplinary records that concern Thompson, the motion is granted. To the extent that Thompson seeks grievances other inmates filed against defendants or the disciplinary records that do not concern Thompson, the motion is denied.

**V.     Motion to Order Subpoena**

Thompson requests that the court subpoena certain witnesses. Docket 19. A subpoena's "function is to compel the attendance of witnesses and the production of documents so that the court may have access to all of the available information for the determination of controversies before it." 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2451 (3d ed. 1998). This motion is premature before the qualified immunity determination. Therefore, it is denied.

**VI.     Motions to Amend**

Thompson filed three amended complaints. Dockets 20, 21, and 22. All three amended complaints were filed after defendants filed their answer and after Thompson had previously amended his complaint. Dockets 3 and 14. Under Federal Rule of Civil Procedure 15(a)(2), Thompson could amend his pleading "only with the opposing party's written consent or the court's leave."

3

Thompson had neither. The court will grant leave to amend only "when justice so requires." *Id.* Thompson has not shown that justice requires three further amendments of his complaint, so the motions to amend are denied.

### VII. Motion for Monetary Damages

Thompson filed a motion to request $500,000 in damages from defendants. Docket 23. Because the court has already granted him leave to amend the relief requested in his complaint, *see* Section II, this motion is denied as moot.

### VIII. Motion to Add Defendant

Thompson moves to add Lee Kaufenberg as a defendant. Docket 25. Defendants object to this motion, arguing that Thompson cannot state a claim against Kaufenberg. Docket 32. The court disagrees.

In the order directing service, the court found that Thompson had stated an Eighth Amendment claim because he alleged "that he told defendants that he was sick and they punished him." Docket 7 at 8. The court found that Thompson stated a retaliation claim because he alleged that "he was punished for seeking aid from prison staff." *Id.* Thompson alleges that Kaufenberg investigated the incident that gave rise to his discipline and that Kaufenberg filed the write up that sent Thompson to the Segregated Housing Unit. Docket 25 ¶¶ 1-2. Therefore, Thompson states Eighth Amendment and retaliation claims against Kaufenberg, and his motion to add Kaufenberg as a defendant is granted.

4

### IX. Motion for Judicial Notice of Power of Attorney

Thompson filed a motion asking for power of attorney to be granted to his family members in case he gets sick or dies. Docket 26. It is not clear what relief or action Thompson seeks with this motion. Thompson's family members do not need court authorization to act on his behalf. Therefore, Thompson's motion is denied.

### X. Supplemental Motion

Thompson moves to have a letter he sent to the parole board "amended to" his case. Docket 29. In his complaint, Thompson did not raise any claims concerning the parole board. Therefore, this document is irrelevant to his case, and his motion is denied.

Throughout his motions, Thompson raises issues concerning his current access to the law library and the alleged retaliation his is experiencing because he filed this action. These issues are not before the court. Thompson did not raise them in his first amended complaint. If Thompson wishes to raise these claims, he must file a motion to amend his complaint and a proposed amended complaint that includes *all* of the claims he brings in this action or he should file a separate lawsuit.

### XI. Motion for Protective Order

Defendants move the court to enter a protective order, arguing they are entitled to qualified immunity. Docket 30. The court grants this motion. Defendants must provide Thompson with the discovery he seeks, as discussed

above, but other than those documents, discovery is stayed until defendants file their motion for summary judgment based on qualified immunity.

## XII. Various Motions

Thompson filed a motion seeking various actions from the court. Docket 35. First, he requests a private heart specialist to examine him. *Id.* ¶ 2. Because it is premature to grant this request, the request is denied.

Thompson also requests that an investigator be appointed. *Id.* ¶ 6. He does not explain why he wants an investigator. At this time, his motion is denied. Thompson also requests that a federal government official be present at his parole hearing. *Id.* ¶ 24. Thompson does not explain on what grounds he makes this requests, and he does not have a statutory right to this relief. Therefore, Thompson's motion is denied.

Thompson moves to file a malpractice lawsuit against a doctor who examined him. *Id.* ¶ 8. Medical malpractice is not a cognizable claim under § 1983. *See Roberts v. Dr. Blackwell*, 205 F.3d 1347 (8th Cir. 2000) (upholding dismissal of medical malpractice claim under § 1983). If Thompson wishes to file a medical malpractice claim, he must files a separate lawsuit to do so. Thompson's motion to add a malpractice claim is denied.

Thompson also requests that he be given a copy of his medical records. Because the court previously granted Thompson's motion for discovery seeking the same records, his motion is denied as moot.

It is ORDERED:

1. Thompson's motions to appoint counsel (Docket 9; Docket 17; Docket 35) are denied.

2. Thompson's motion to amend jury demand (Docket 11) is granted.

3. Thompson's motion to strike quash irrelevant material from the record (Docket 16) is denied.

4. Thompson's motion for discovery (Docket 18) is granted. Defendants shall provide Thompson with the discovery he seeks as stated in this order by January 21, 2017.

5. Thompson's motion to order subpoena amended complaint summons (Docket 19) is denied.

6. Thompson's motions to amend the complaint (Docket 20; Docket 21; Docket 22) are denied.

7. Thompson's motion to amend his request for monetary damages (Docket 23) is granted.

8. Thompson's motion to add defendant (Docket 25) is granted. Kaufenberg is added as a defendant.

9. Thompson's motion for judicial notice of power of attorney (Docket 26) is denied.

10. Defendants' motion for protective order (Docket 30) is granted. Other than stated in this opinion, discovery is stayed.

11. Defendants shall file their motion for summary judgment by January 21, 2017.

12. Thompson's various motions (Docket 35) are denied.

Dated December 21, 2016.

> BY THE COURT:
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE