UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRY L. THOMPSON,<br><br>   Plaintiff,<br><br> vs.<br><br>JOSH KLIMEK, Unit Manager;<br>DIANE ROMKEMA, Case Manager;<br>JERRAME LARSEN, D-H-O Hearing<br>Officer; and LEE KAUFENBERG,<br>Correctional Officer;<br><br>   Defendants. | 4:16-CV-04071-KES<br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION AND FACTS**

Plaintiff Terry L. Thompson is an inmate at the South Dakota State Penitentiary in Sioux Falls. Mr. Thompson filed a *pro se* civil rights lawsuit under 42 U.S.C. § 1983, and amended his complaint twice. Docket Nos. 1, 3 and 25. Mr. Thompson's amended complaints assert claims that defendants were deliberately indifferent to his serious medical needs and that he was subject to retaliatory discipline.[1]

Mr. Thompson filed a motion for a preliminary injunction asking for an injunction requiring defendants to return two boxes of his property to him. See Docket No. 41. Mr. Thompson explained he was being transferred and, while

---

[1] The balance of Mr. Thompson's complaint was dismissed upon screening. See Docket 7.

being transferred, defendants lost two boxes containing his legal papers in connection with this lawsuit.  Id.

Approximately one week later, Mr. Thompson filed a motion for the production of documents.  See Docket No. 48.  This motion was based on the same facts and circumstances of Mr. Thompson's earlier motion for preliminary injunction.  Compare Docket No. 41 with Docket No. 48.  The district court granted Mr. Thompson's motion for production of documents.  See Docket No. 63.

Thereafter, defendants represented to the court that they had returned all of Mr. Thompson's property to him.  See Docket No. 68.  Mr. Thompson signed a property inventory acknowledging that to be true.  See Docket No. 68-6.  Accordingly, the earlier motion for preliminary injunction is now moot, the relief requested therein having been granted.

## RECOMMENDATION

Based on the above, IT IS RECOMMENDED that plaintiff's motion for preliminary injunction (Docket No. 41) be denied as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the

District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED August 7, 2017.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
United States Magistrate Judge